UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number: 12-14096-CIV-MARTINEZ-LYNCH**

OAK FOREST PRODUCTS, INC., a Florida
corporation,

       Plaintiff,

vs.

HISCOCK & BARCLAY, LLP, a New York
limited liability partnership, and THOMAS R.
FITZGERALD, individually,

       Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss for Lack of Jurisdiction and Alternative Motion to Transfer Venue (D.E. Nos. 13, 17). Defendants Thomas Fitzgerald ("Fitzgerald") and Hiscock & Barclay, LLP ("Hiscock") (collectively "Defendants") seek dismissal of Oak Forest Products, Inc.'s ("Oak Forest" or "Plaintiff") Complaint for lack of personal jurisdiction over Defendants. Alternatively, Defendants seek transfer of the Complaint to the United States District Court for the Western District of New York. For the reasons set forth below, this Court grants Defendants' motions to transfer venue without reaching the question of personal jurisdiction.

### I. Facts and Procedural Background

Defendant Fitzgerald, a New York attorney, began representing Oak Forest, a Florida corporation, in 2003. (D.E. No. 1-1 ¶¶ 3, 9). Fitzgerald helped Oak Forest obtain a copyright

and a patent of a fan blade in the shape of a leaf. (D.E. No. 1-1 ¶¶ 21-22, 30). Fitzgerald then

joined Hiscock, a New York law firm in 2005. (D.E. No. 1-1 ¶ 10). Thereafter, Defendants were

retained to provide legal services relating to the intellectual property rights held by Plaintiff.

(D.E. No. 1-1 ¶ 16).

After receiving the copyright, Plaintiff discovered that King of Fans, Inc. ("King of

Fans") and Home Depot USA, Inc. ("Home Depot") were selling fan blades that infringed upon

Plaintiff's patent. (D.E. No. 1-1 ¶ 27). In November 2008, Defendants, on behalf of the

Plaintiff, filed a patent infringement lawsuit against Home Depot and King of Fans in the United

States District Court for the Western District of New York. (D.E. No. 1-1 ¶ 34).

When the complaint in this action was filed, the lawsuit against Home Depot and King of

Fans was ongoing. (D.E. No. 1-1 ¶ 36). Plaintiff's Complaint centers around the representation

of Plaintiff by Defendants in the litigation against Home Depot and King of Fans. (D.E. No. 1-1

¶ 2). The Complaint was originally filed in the Nineteenth Judicial Circuit of Florida and alleges

that Defendants were negligent in their representation of Plaintiff. (D.E. No. 1-1 ¶¶ 11, 37).

Further, Plaintiff argues that Defendants' negligence caused damages including: lost profits,

damages recoverable from the infringer in a lawsuit, a reasonable royalty, the value of profits

from each infringer, attorney fees and costs, and prejudgment interest. (D.E. No. 1-1 ¶ 50).

Hiscock removed the action to this Court. (D.E. No. 1).

**II. Analysis**

Defendants contend that the balance of convenience favors transfer to the Western

District of New York. Plaintiff contends that its choice of forum should be given great deference

and that its choice of forum outweighs any convenience that the Western District of New York

would offer. While giving great deference to Plaintiff's choice of forum, this Court concludes that the balance of convenience favors transfer of this action to the Western District of New York and, accordingly, grants Defendants' Motions to Transfer Venue.

The federal statute governing transfer of venue is 28 U.S.C. § 1404(a). This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is a two-part inquiry under § 1404(a). *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960)). First, the Court looks to whether the action could have been brought in the proposed transferee district. *Windmere Corp.*, 617 F. Supp. at 10. Then, the Court considers multiple factors to determine where the conflict would be more conveniently adjudicated. *Cont'l Grain*, 364 U.S. at 26.

For the reasons set forth below, this Court finds that the action could have been brought in the Western District of New York and that the factors raised by both parties favor transfer of this action.

### A. This Action Could Have Been Brought in the Western District of New York

This Court agrees with Defendants that the action could have been brought in the Western District of New York. The question for the Court to consider is "whether the action 'might have been brought' in the proposed transferee district court." *See Windmere Corp.*, 617 F. Supp. at 10 (finding that the "threshold question" is if the case may have been brought in the transferee district).

Because the Defendants include an individual domiciled in New York and a New York limited liability partnership, it is clear that they are subject to the jurisdiction of New York courts. *See Milliken v. Meyer*, 311 U.S. 457, 463-64 (1940) (holding that a person is always subject to the jurisdiction of their state of domicile as a "responsibility" of their citizenship); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1188-89 (2010) (discussing how corporations and created personhoods are subject to the jurisdiction of the state that created them). Furthermore, Defendants' representation of Plaintiff occurred in the underlying litigation with Home Depot and King of Fans pending in the Western District of New York. Accordingly, the Court is satisfied that the Western District of New York is a district "where [this action] may have been brought" under § 1404(a).

## B. The Balance of Convenience Favors Transfer

Defendants contend that the balance of convenience favors transfer to the Western District of New York. Plaintiff disagrees and asserts that the case should remain in this Court because it was the Plaintiff's chosen forum. Considering the factors set forth below, the Court finds that the Western District of New York is the more convenient forum for this litigation and accordingly transfers this case to that district.

On a request for transfer, the Court must weigh a variety of factors to determine whether "the convenience of the parties and witnesses, in the interest of justice," favors the proposed transferee forum. *Cont'l Grain*, 364 U.S. at 26 (considering transfer under 28 U.S.C. § 1404(a)). In *Jewelmasters*, the Southern District of Florida articulated six factors to consider when deciding if a transfer of forum is appropriate. *Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F.

Supp. 893, 895 (S.D. Fla. 1993). Specifically,

> [t]o determine the appropriateness of such a transfer, the Court must weigh a variety of factors, including (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to the presence of unwilling witnesses; (5) the cost of obtaining the presence of the witnesses; and (6) the public interest.

*Jewelmasters,* 840 F. Supp. at 895 (citing *Windmere Corp.*, 617 F. Supp. at 10).[1]

The moving party bears the burden of establishing that venue should be changed. *J.I. Kislak Mortg. Corp. v. Conn. Bank and Trust Co.*, 604 F. Supp. 346, 347 (S.D. Fla. 1985); *see also Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361-62 (S.D. Fla. 2001). Transfer will not be granted unless there is a "clear cut and convincing showing" by defendant that the balance of convenience weighs strongly in favor of the transferee court. *Kislak Mortg.*, 604 F. Supp. at 347. For the reasons articulated below, this Court believes that the balance of convenience in this case favors transfer to the Western District of New York.

### 1. Convenience of the Parties

Although courts give great deference to a Plaintiff's choice of forum, courts must consider the convenience of all parties in the case, not just the convenience to the Plaintiff. *Mason*, 146 F. Supp. 2d at 1360. In cases where transfer merely shifts the "inconvenience from one party to another," courts have deferred to the Plaintiff's choice of forum. *Id.* at 1361. Here, transfer would put this case in the Western District of New York–a forum that is convenient to

---

[1] Plaintiff asserts that the paramount factor to be considered under 28 U.S.C. § 1404(a) is the convenience of witnesses and cites to cases from other districts of this Circuit. (D.E. No. 33 at 12-13). This District, however, has consistently held that "the factor of witness convenience and availability does not stand alone and must be weighed against other relevant factors." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361-62 (S.D. Fla. 2001); *see also J.I. Kislak Mortg. Corp. v. Conn. Bank and Trust Co.*, 604 F. Supp. 346, 347 (S.D. Fla. 1985).

Defendants and that Plaintiff has willingly chosen as a forum in past litigation. Accordingly, the Court finds that this factor weighs in favor of transfer.

In *Windmere*, the court granted a motion to transfer based on convenience of the parties. *Windmere Corp.*, 617 F. Supp. at 10; *but see Mason*, 146 F. Supp. 2d at 1361 (finding that "litigation in Florida would not be substantially more inconvenient for Defendants than litigation in California would be for Plaintiffs"). Similar to this case, only one of four parties was located in or near Florida. *Windmere Corp.*, 617 F. Supp. at 10. Also, the *Windmere* court opined that the majority of the Defendants' employees with knowledge of the facts and circumstances of the action were located outside the District. *Id.*

Looking at the parties in this case, Plaintiff is a Florida corporation, and Florida would be a convenient forum. However, as Defendants point out, Plaintiff reached out to a New York attorney and a New York law firm for representation, not vice versa. (D.E. No. 17 at 14). Further, Plaintiff was seeking counsel in order to obtain a patent and to engage in patent litigation in the Western District of New York, which Plaintiff voluntarily filed in that district. (D.E. No. 1-1 ¶ 16). Now, Plaintiff claims that "transfer of this action to New York would occasion significant [sic] increased travel and litigation costs to the Plaintiff," but that has not stopped Plaintiff from filing suit in the same district in the past. Having chosen to litigate in the Western District of New York in the past and having retained Defendants as counsel knowing that they were located in New York, the Court is unconvinced that New York would be an inconvenient forum for Plaintiff to litigate this case.

Defendant Hiscock is a New York limited liability partnership. While a small number of attorneys employed by Hiscock are Florida-barred, this alone is not dispositive as to the

convenience of the forum for the firm. (D.E. No. 13-1 ¶ 6). Plaintiff asserts that Hiscock attorneys served as *pro hac vice* counsel for a case in the Southern District of Florida. (D.E. No. 33 at 13). However, this case commenced in 2006 and closed in 2008. Taking these factors into consideration and the fact that Hiscock would incur significant travel and litigation costs in order to defend itself in a forum that it arguably never targeted, the Court is convinced that Florida is an inconvenient forum for Hiscock.

The Court must also consider the convenience to Defendant Fitzgerald as an individual. Fitzgerald has "never appeared in any state or federal court in Florida." (D.E. No. 17 at 8). Being forced to defend himself in a lawsuit in Florida, Fitzgerald will have to continue to retain Florida-barred outside counsel at great expense to himself. Additionally, Fitzgerald would incur a huge financial burden by having to travel to Florida for the purposes of attending depositions and hearings. It is the finding of the Court that the Southern District of Florida would be an inconvenient forum for Fitzgerald to have to personally respond to this claim.

Given that Florida is an inconvenient forum for Defendants and that the Court does not find the Western District of New York an inconvenient forum for Plaintiff, the Court finds that the convenience of the parties favors transfer.

## 2. Access to Sources of Proof

Plaintiff's complaint asserts claims for legal negligence against Defendants. (D.E. No. 1-1). The sources of proof will be attorney work-product documents that are likely under the control of Defendants. *See Windmere*, 617 F. Supp at 11 (finding that access to proof favored transfer where "the books and records of [the] defendants" were located outside the District). Even if copies of some of these documents are already under the control of Plaintiff, Plaintiff will

seek to review the "'computer records, microfiche, document files and other similar materials' in [Defendants'] possession in New York." (D.E. No. 33 at 14). Because original copies of these documents are all under the control of Defendants in New York, the balance of convenience weighs in favor of transfer of this case to the Western District of New York.[2]

### 3. The Interest of Justice

In cases where the substantive law to be applied is that of another jurisdiction, two of the primary criteria to be considered under the "interest of justice" or "public interest" factor are the burden on the court of applying the law of another jurisdiction and the interest of the forum in the outcome of the case. *See Piper v. Reyno*, 454 U.S. 235, 260 (1981).

This case involves the representation of a Florida corporation in litigation that occurred in the Western District of New York. The interest of protecting citizens of this Court's jurisdiction is paramount, but the Western District of New York's interest in deciding this case is much greater, as it involves alleged tortious conduct by a New York law firm. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (examining the interest of the forum state in deterrence of a party outside the forum state).

This Court must also consider the efficiency with which it could hear this case in comparison with the efficiency in which the Western District of New York could handle this

---

[2]Plaintiff points to documents that need to be obtained from Home Depot and King of Fans, only one of which is a Florida corporation. Plaintiff also cites *World Wide Medical* in which the court states that "[i]n **patent infringement** cases, the bulk of relevant evidence usually comes from the accused infringer." (D.E. No. 33 at 14) (emphasis added) (citing *In re World Wide Med. Tech. LLC*, Nos. 4:11CV614, 4:12CV170, 2012 WL 1252423, at *2 (N.D. Fla. 2012 April 13, 2012)). This is not, however, a *patent infringement* case; this is a **legal malpractice** case. As such, this Court is unpersuaded by Plaintiff's argument regarding the source of evidence. (D.E. No. 33).

case. Where one court must hear a case applying the law of another jurisdiction, the question of efficiency is a valid consideration in deciding whether to transfer a case under § 1404(a) or to dismiss the case on *forum non conveniens* grounds. *See Piper v. Reyno*, 454 U.S. 235, 253 (1981) (stating that district courts were given more discretion under § 1404(a) than under the common law doctrine of *forum non conveniens*). As this involves representation in a federal court of New York by a New York attorney and a New York law firm, the substantive law that should be applied is that of New York. Accordingly, this factor favors transfer to New York.

## 4. Convenience of the Witnesses

The parties disagree as to where the majority of the witnesses in this suit are physically located. (D.E. Nos. 13 at 12; 17 at 13-14; 33 at 12-13). There is also a complete lack of description as to anticipated witness testimony or the significance of each witness. *See Mason*, 146 F. Supp. 2d at 1361. As such, this Court is inclined to give this factor very little weight.

Defendants claim that the majority of the witnesses "reside and work in New York because the underlying litigation occurred there," and provides a copy of the attorneys on record in the litigation who are all potential witnesses in this suit.[3] (D.E. No. 13 at 12; 13-2). Plaintiff does not claim that the majority of witnesses reside in Florida; instead, Plaintiff simply claims that Defendants failed to specifically identify witnesses that would be inconvenienced by litigation occurring in Florida. (D.E. No. 33 at 13). This Court is satisfied, however, that the listing of attorneys does constitute a specific list of witnesses that would be inconvenienced by the proceedings occurring in Florida.

---

[3]Three of the fifteen attorneys on record are listed with a Florida address, with eleven of the fifteen listed with a New York address and one listed with a Massachusetts address.

Plaintiff points to its own employees and employees of King of Fans as "key witnesses" that would be inconvenienced if this case were to be transferred. (D.E. No. 33 at 13). With regard to employees of Plaintiff, this District has made a clear delineation between witnesses which must be compelled to testify and witnesses which are employees of a corporation and whose presence can be obtained by that party. *Mason*, 146 F. Supp. 2d at 1361. As such, even though employees of Plaintiff may be inconvenienced by transfer and may serve as significant witnesses, Plaintiff can ensure that they are available to testify. *Id.*

The Court weighs this factor in favor of Defendants, as they did list specific potential witnesses and ways in which the witnesses would be inconvenienced by having to travel to Florida for this litigation. However, as neither party supplied an exhaustive list of witnesses and descriptions of their testimony, this Court gives little weight to this factor.

### III. Conclusion

Because the Court has found that the above factors all weigh in favor of transfer and on balance provide a "clear cut and convincing showing" in favor of transfer, the Court has deemed transfer appropriate. *Kislak Mortg.*, 604 F. Supp. at 347. It would be inconvenient for Defendants to be haled to this forum, but it would not be inconvenient for Plaintiff to pursue this suit in the Western District of New York. Because this is a legal malpractice suit, the balance of sources of proof are located in New York. As Defendants are a New York law firm that were counsel in New York litigation and the substantive law to be applied is that of New York, transfer is in the public interest. Lastly, the Court finds that Defendants met their burden of listing specific witnesses that would be inconvenienced if this case were to proceed in Florida. Because on balance all of the factors under § 1404(a) weigh in favor of transfer and because this

case could have been brought in the Western District of New York, this Court finds transfer appropriate. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motions to Dismiss for Lack of Jurisdiction and Alternative Motion to Transfer Venue (D.E. Nos. 13 & 17) are hereby **GRANTED** in part and **DENIED** in part. The motions are granted in that this case is transferred to the Western District of New York. These motions are denied in all other respects.

2. The Clerk is **DIRECTED** to immediately **TRANSFER** this case to the Western District of New York.

3. This case is **CLOSED**, and all pending motions not otherwise ruled on are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___7___ day of August, 2012.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record
Clerk of Court for the United States District Court for the Western District of New York

-11-